IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
at Santa Fe, NM
SEP 21 2006
MATTHEW J. DYKMAN
CLERK

CARL C. DENTON, JR.,

        Plaintiff,

vs.                                  CIVIL NO.   06-711 MV/LFG

YOGI BHAJAN SAHIB,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS
## AND DISMISSING LAWSUIT WITH PREJUDICE

### Waiver of Filing Fee

Plaintiff Carl C. Denton, Jr. ("Denton") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or fees. The *in forma pauperis* statute, 28 U.S.C. § 1915 authorizes a court to waive those fees. The intent of this statute is to facilitate access to courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Denton did not submit an affidavit indicating that he is indigent, but exhibits to his Complaint show that he receives a disability pension and is confined to a nursing home. Under those circumstances, the Court concludes that Denton is unable to prosecute this litigation due to his indigency. Based on Denton's affidavit, the Court will authorize the filing of his Complaint without the payment of a filing fee.

3

## Congressional Authorization for *Sua Sponte* Analysis

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

In response to this congressional concern, courts are specifically authorized to review an *in forma pauperis* complaint and to dismiss the complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, a court may conduct a *sua sponte* review of a complaint pursuant to this section, and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Denton's Complaint for damages.

## Analysis

Denton seeks to bring a civil rights action against Yogi Bhajan Sahib for "threat to overthrow the government of the United States." (Complaint, p. 1).[1]

---

[1] Yogi Bhajan was a Sikh and the founder of the "Healthy, Happy, Holy Organization (3HO)," a non-profit private educational and scientific foundation. He was the chief religious and administrative authority for Sikhism in the Western Hemisphere, and the spiritual leader for hundreds of thousands adherents. Yogi Bhajan's 3HO ashram was located in Santa Cruz, New Mexico, within this judicial district. Yogi Bhajan died on October 6, 2004. (http://www.sikhnet.com)

On April 6, 2005, the United States Senate passed a concurrent resolution (H. Con. Res. 34) by unanimous consent honoring Yogi Bhajan and recognizing his distinguished life and the importance of his

The gravamen of Denton's Complaint is that Yogi Bhajan used "mind control" and "satellites" from India to "overcome U.S. government elected officials by psychic phenomena . . . ." (Complaint, p. 1). Denton asserts that Yogi Bhajan's "advance mental thought techniques" "creates mild mental illnesses," and that Yogi Bhajan is "attempt[ing] to overthrow the United States government . . . by psychic means & use of communication by satellite & terroristic threat of earthquakes." (Id.) Denton seeks an award of damages of $500,000.

### Insufficient Allegations to Implicate Federal Court Jurisdiction

Federal law, specifically 28 U.S.C. § 1332(a), provides for federal jurisdiction in diversity of citizenship cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states . . . ."

Nothing in Denton's Complaint sheds specific light on the citizenship issue. For some reason, however, Denton appended numerous psychiatric reports as well as sentencing reports from the Pennsylvania Department of Corrections. Those reports indicate that, in addition to being diagnosed with schizophrenia, paranoid type, at the time the reports were prepared, Denton had an address in Ozark, Arkansas. At other times, he was incarcerated with the Pennsylvania Department of Corrections. Those reports, however, are stale. Some go back to the early to mid-80's, others in

---

teachings. The Senate resolution states in part, ". . . be it resolved by the Senate (the House of Representatives concurring). That Congress--(1) recognizes that the teachings of Yogi Bhajan about Sikhism and yoga, and the businesses formed under his inspiration, improve the personal, political, spiritual and professional relations between citizens of the United States and the citizens of India; (2) recognizes the legendary compassion, wisdom, kindness, and courage of Yogi Bhajan and his wealth of accomplishments on behalf of the Sikh community; and (3) extends its condolences to Inderjit Kaur, the wife of Yogi Bhajan, his 3 children and 5 grandchildren, and to Sikh and 'Healthy, Happy, Holy Organization (3HO)' communities around the Nation and the world upon the death on October 6, 2004, of Yogi Bhajan, an individual who was a wise teacher and mentor, an outstanding pioneer, a champion of peace, and a compassionate human being." ((http://www.sikhnet.com/Sikhnet/news.nsf NewsArchive/ D43BA5836 D14848B38256F DD0061DE76! OpenDocument.)

3

the 90's, and the most current appears to be a record dated May 2000 from the Meadow Brook Mental Health Day Treatment Center, apparently a facility in the State of Pennsylvania.

Nothing on the face of the Complaint would indicate compliance with the requirements of 28 U.S.C. § 1332(a). Denton's mailing envelope has an address in Arkansas, but nothing in the pleading filed demonstrates diversity of citizenship. Moreover, the lawsuit is against Yogi Bhajan, who, due to his death, is no longer a citizen of this district. The lawsuit does not name either Yogi Bharan's estate or a personal representative.

Denton asserts that he is seeking damages for violation of civil rights. Federal law, specifically 28 U.S.C. § 1343(a)(3), establishes federal court jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . ."

A person who asserts a claim for relief under 42 U.S.C. § 1983 must satisfy two elements: (1) the plaintiff must allege that some person deprived him of a federally protected right; and (2) he must allege that the person who deprived him of the right acted under color of law. Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

Denton has not asserted what constitutional right or federally protected statutory right was allegedly violated by Yogi Bhajan, nor has he alleged that Yogi Bhajan acted under "color of state law." Yogi Bhajan was a spiritual leader, not a government official or functionary. While Denton contends that Yogi Bhajan used "mind control," "psychic manipulation" and other schemes to

4

overthrow the United States government, he has not demonstrated what constitutional or federally protected statutory right is at issue, nor has he shown that any alleged violation of a constitutional right was committed while Yogi Bhajan was acting under the color of official state authority.

Nowhere does Denton allege that Yogi Bhajan is a state actor or that any of his alleged actions were taken pursuant to provisions of state law. The allegations of his Complaint are simply insufficient to satisfy the requirement for Section 1983 litigation. Id.

Denton's Complaint is deficient in that the assertions of federal jurisdiction are lacking, and those allegations that have been made are simply not sustainable as a matter of law.

## Statute of Limitations

Finally, it appears that Denton's claims against Yogi Bhajan date back some thirty-five years ago when Denton was in a Sikh ashram attempting to overcome drug dependence. His complaints against Yogi Bhajan deal with Denton's disagreement concerning activities occurring in the ashram in the decade of the 1970's. Even assuming that there was some legitimacy in Denton's claims that Yogi Bhajan's "mind control" techniques or "psychic manipulation" were part of a plot to overthrow the government, the statute of limitations long ago expired on any cause of action which might otherwise exist.

## Standing

There is a requirement that a plaintiff have standing to prosecute an action. Utah Ass'n. of Counties v. Bush, ___ F.3d ___, 2006 WL 2045822 at *3 (10th Cir. July 24, 2006). The concept of standing is grounded in Article III of the Constitution which requires that federal courts adjudicate actual cases and controversies, id.; Utah v. Babbitt, 137 F.3d 1193, 1201 (10th Cir. 1998); *see also* San Juan County v. United States, 420 F.3d 1197, 1203 (10th Cir. 2005)(Article III of the

Constitution limits the power of federal courts to deciding cases and controversies. Standing to sue is an aspect of the case-or-controversy requirement.).

As Denton does not assert any type of associational standing, he must meet three separate pleading requirements.

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between that injury and the challenged action of the defendant--the injury must be "fairly traceable" to the defendant, and not the result of the independent action of some third party. Finally, it must be likely, not merely speculative, that a favorable judgment will redress the plaintiff's injury.

Utah Ass'n of Counties, *supra*, *4.

Clearly, Denton has failed to allege any of the requirements demonstrating that he has standing. He makes no allegation that Yogi Bhajan's alleged actions in any way resulted in an "injury in fact" to him. There is no showing of any concrete or particularized harm whatsoever. Of course, the overthrow of the government would be harmful to all citizens, but Denton must show that the conduct is "actual or imminent," not conjectural or hypothetical.

Denton has not demonstrated an causal connection to Yogi Bhajan and injury in fact, nor has he demonstrated that a favorable judgment will redress his injury, as he has not alleged any injury. Denton's Complaint fails to satisfy the standing requirements under Tenth Circuit law. As such, he lacks standing to prosecute this case.

### Futility of Re-Pleading

While dismissals based on a *sua sponte* analysis for failure to state a cause of action are generally without prejudice to allow the pleader an opportunity to re-plead his complaint, in this

6

case, it is clear that Denton could not re-plead around the deficiencies noted herein. Thus, allowing him to attempt a new lawsuit would be an act of futility.

IT IS THEREFORE ORDERED that Denton is allowed to file his lawsuit without prepayment of costs and fees.

IT IS FURTHER ORDERED that service of process not be authorized and, instead, the Court DISMISSES Denton's Complaint with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE